## HOY v. TEXAS MEXICAN RY. CO.
### (No. 8113.)

Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1929.

Rehearing Denied Feb. 27, 1929.

Phelps & Johnson and M. J. Raymond, all of Laredo, for appellant.

Asher R. Smith, of Laredo, and J. D. Dodson, of San Antonio, for appellee.

COBBS, J. Willie Hoy, by his next friend, sued appellee to recover damages for personal injuries alleged to have been suffered by him in a collision between an automobile in which he was riding as a passenger and a railway car of the defendant which was standing across Guadalupe street in the city of Laredo, where that street is crossed by the main line and switches of the railway company.

The alleged accident occurred on a dark, stormy night; the wind was blowing and rain pouring down. The railway had left a string of cars across the street with no red light or other signal displayed to warn plaintiff of the presence of the cars until the collision. The railway car on the crossing was a black, oil tank car, rendering it difficult to be seen, and the lights on the automobile were ineffective against the driving rain to reveal the presence of the tank car. Plaintiff alleged that the blocking of the street by the defendant and its failure to display any warning signal was negligence and the proximate cause of the injuries sustained by him.

Defendant's answer was quite full and responsive, alleging that the driver of the automobile was guilty of negligence and failure to use and exercise ordinary care; and that if plaintiff was injured it was the result of the negligence of the driver of the automobile and the plaintiff while engaged in a joint enterprise.

■ It was a dark night, during a storm and blinding rain. It was the custom of the railway company to maintain a watchman at the crossing, who warned by flag or lantern when danger threatened, but if there was no danger no signal was displayed, thus making it an invitation to cross over in safety. At the time of the accident, during the storm on a dark, rainy night, as no signal or warning of any kind was given, plaintiff had a right to suppose there was no danger in crossing the track; and he was not guilty of negligence in failing to anticipate the failure of the flagman or other means used to warn him of the obstruction of the crossing.

■■ As to whether the railway company was negligent and guilty of want of care in not keeping some kind of warning, or as to whether appellant was guilty of negligence

at the time, involves mixed questions of fact and of law.

The testimony is such that it requires a finding of the jury as to the negligence of the parties, to ascertain who was at fault or most at fault.

Appellant was not required, as a matter of law, to stop the car at the crossing, but whether or not it involved any question of negligence was purely a jury question.

In view of all the facts in evidence covering the negligence or not of appellant, it was error for the court to take the case from the jury and instruct a verdict. Whenever that has been done, such verdicts have generally been considered and set aside.

The judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.